UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL
7 TILE INDUSTRY ANNUITY FUND, TRUSTEES
OF THE TILE LAYERS LOCAL UNION 52 PENSION
FUND, TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL PENSION
FUND, AND TRUSTEES OF THE INTERNATIONAL
MASONRY INSTITUTE,

**ORDER**
16-CV-1641 (LDH)(LB)

Plaintiffs,

-against-

TUSCANY TILE & STONE, INC.,

Defendant.
-------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

On November 13, 2017, United States Magistrate Judge Lois Bloom issued a report and recommendation (the "Report and Recommendation") (R. & R., ECF No. 28), which recommended that Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Trustees of the Local 7 Tile Industry Annuity Fund, Trustees of the Tile Layers Local Union 52 Pension Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, and Trustees of the International Masonry Institute's August 8, 2017 second motion for default judgment[1] as to Defendant Tuscany Tile & Stone, Inc. be granted (*see* Pls.' Mot., ECF No. 23). Any written

---

[1] By order dated July 25, 2017, this Court adopted the Report and Recommendation of Magistrate Judge Bloom recommending that the Court grant in part, and deny in part, Plaintiffs' first motion for default judgment. (Order Adopting R. & R., ECF No. 21.) Specifically, damages were entered in the amount of $19,554.12, representing: (1) $9,988.49 in unpaid contributions for the period from June 8, 2009 through June 2, 2013; (2) $1,997.70 in liquidated damages; (3) $3,058.00 in attorney's fees; (4) $669.93 in costs; and (5) $3,840.00 in audit fees. (*Id*.) Plaintiffs' request for interest on the unpaid contributions was dismissed without prejudice. (*Id*.) However, the Court afforded Plaintiffs fourteen (14) days from the entry of the order to file a second motion for default judgment demonstrating Defendant's obligation to pay contributions to the Funds for the period of January 1, 2008 through June 7, 2009 and June 3, 2013 through December 31, 2014 and addressing the calculation of pre-judgment interest on delinquent contributions. (*Id*.)

1

objections to the report and recommendation had to be filed with the Clerk of Court within fourteen (14) days of the date of service of the report; responses to any objections were due fourteen (14) days thereafter. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

No objections have been filed to the report and recommendation. Where no objections to a report and recommendation have been filed, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imps. Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. N.Y.*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks and citations omitted). The Court has reviewed the Report and Recommendation for clear error and, finding none, hereby adopts the Report and Recommendation as the opinion of this Court.

Accordingly, Plaintiffs' second motion for default judgment against Defendant Tuscany Tile & Stone, Inc., is hereby granted and damages are to be entered in the amount of $236,632.98, representing: (1) $134,834.18 in unpaid contributions; (2) 72,044.03 in interest; (3) $26,966.84 in liquidated damages; (4) $2,763.30 in attorney's fees; and (5) $24.63 in costs. Plaintiffs are also entitled to $42.42 in daily interest from August 1, 2017, to the date of payment. The Clerk of Court is directed to enter judgment and close this case.

Dated: March 30, 2018
      Brooklyn, New York

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge